UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH FISKE,

       Plaintiff,

v.                                             Case No. 8:06-cv-1173-T-24TBM

PUBLIX SUPER MARKET INC.,

       Defendant.

_____/

## ORDER

This cause comes before the Court for consideration of Defendant's motion to set aside

clerk's entry of default (Doc. No. 5).

### I.      Background

On June 26, 2006, Plaintiff filed this action asserting claims under Title VII of the Civil

Rights Act 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.* (Count I) and the Florida Civil Rights

Act of 1992, FLA. STAT. §760.01, *et seq.* ("FCRA")(Count II)(Doc. No. 1).  On August 17,

2006, at 11:33 a.m., Plaintiff filed her motion for default pursuant to Federal Rules of Civil

Procedure 55(a) due to Defendant's failure to respond to the complaint (Doc. No. 4).  Thereafter,

at 4:45 p.m., Defendant filed its Answer and Defenses (Doc. No. 5).  Fourteen minutes later, at

4:59 p.m., the Clerk's office entered an Entry of Default (Doc. No. 7).  Defendant now moves to

set aside the Clerk's Entry of Default pursuant to Federal Rules of Civil Procedure 55 and 60.

### II.      Discussion

The United States District Court for the Middle District of Florida utilizes a mandatory

paperless electronic filing system: CM/ECF.  Here Defendant filed its answer (Doc. No. 5) via

CM/ECF almost simultaneously with the Clerk's Entry of Default (Doc. No. 7).  In its motion,

Defendant acknowledges that it filed its answer late.

Before a court will set aside an entry of default, it must find that (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense.  See Boron v. West Tex. Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988), aff'd, 869 F.2d 1500 (11th Cir. 1989).  Moreover, judgments by default are generally disfavored, and any doubts regarding setting aside a default should be resolved in favor of deciding the case on the merits.

The Court finds that the Clerk's Entry of Default should be set aside, and, accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Defendant's motion to set aside clerk's entry of default (Doc. No. 5) is

**GRANTED**;

(2)     The Clerk is directed to set aside the Clerk's Entry of Default entered August 17,

2006 (Doc. No. 7); and

(3)     The Court will accept for filing Defendant's Answer and Defenses (Doc. No.  5).

**DONE AND ORDERED** at Tampa, Florida, this 31st day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record